## THE RANGER.

### BROWN v. THE RANGER.

(District Court, E. D. New York. June 10, 1896.)

SALVAGE SERVICES—COMPENSATION.
  The services of a steamboat engaged in the menhaden fishery, in going to the assistance of a similar steamboat stranded on the Brigantine shoal, lying by her all night, and pulling her off next morning, with the assistance of another vessel, at considerable risk and peril. *held* to have been a salvage service, for which $1,750 should be allowed on a valuation of $9,000, the salving vessel also being worth about $9,000.

This was a libel in rem by Samuel S. Brown against the steamboat Ranger, to recover compensation for salvage services.

Carpenter & Park, for libelants.
Stewart & Macklin, for claimant.

BENEDICT, District Judge. This is an action by the owners of the steam fishing boat E. S. Allen to recover salvage compensation for services rendered in July, 1894, to the fishing steamboat Ranger. The Ranger was a steamboat engaged in menhaden fishery, and on the 13th day of July, 1894, she got ashore on the Brigantine shoal, perhaps the most dangerous shoal on the Jersey coast. Her position was one of extreme peril, and there is little reason to doubt that, if she had not received assistance, she would have become a total loss. The Allen was a steamboat also engaged in menhaden fishery, and was lying, with two or three other fishing steamboats, some two miles off. These boats refused to go to the assistance of the Ranger, on account of the risk. The Allen, however, concluded to run the risk, and proceeded to the Ranger for the purpose of getting her off. On arriving at the Ranger the tide had fallen two or three feet, and nothing could be done that night. At the request of the master of the Ranger the Allen lay by her all night, and the next morning at dawn she began to pull at the Ranger. After continued exertions, aided for the latter part of the time by another boat (which boat, it is stated, has been settled with for her services), she succeeded in getting the Ranger off and taking her to New York in safety. The service was rendered not without considerable risk, and the peril to which the Ranger was exposed was extreme. The value of the Allen is agreed to be $9,000. The value of the Ranger is about the same. Clearly, the service was a salvage service, and entitled to salvage compensation. The only question is the proper salvage compensation to be paid for the services. Upon the evidence it is my opinion that a proper salvage compensation for the services rendered by the Allen would be $1,750, for which sum, with costs, let a decree be entered.